Filed 8/17/21  P. v. Jackson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EBONY JACKSON,<br><br>Defendant and Appellant. | 2d Crim. No. B305341<br>(Super. Ct. Nos. YA097083,<br>TA144670, YA097739)<br>(Los Angeles County) |

Ebony Jackson appeals from the judgment entered after the trial court revoked probation in five cases and sentenced her to a total term in state prison of five years, four months.  She contends: the probation violation finding was not supported by substantial evidence; the trial court abused its discretion when it imposed the upper term of four years in one of the cases; she received ineffective assistance of counsel at the probation revocation hearing because counsel did not object to imposition of the upper term; the trial court erred in ordering victim restitution because appellant was not convicted of a crime; and the trial court erred in imposing certain fees and assessments

without first determining her ability to pay. We strike the victim restitution order, order the abstract of judgment corrected to reflect certain assessments and, in all other respects, affirm.

*Facts and Procedural History*

In October 2017, appellant and her twin sister stole cosmetics from a CVS store. When a store employee tried to prevent them from leaving the store, appellant pepper sprayed the employee in the face. Appellant pleaded no contest in case no. YA097083 to petty theft (Pen. Code, § 484)[1] and assault by means likely to produce great bodily injury. (§ 245, subd. (a)(4).)

In November 2017, appellant visited a Target store in Torrance. She filled a shopping cart with items valued at $1,106.97 and then left the store without paying. Once in the parking lot, appellant noticed a loss prevention officer and sheriff's deputies. She pushed the cart away from her and attempted to run away, across the parking lot. Appellant pleaded no contest in case no. TA144670 to grand theft.

In February 2018, appellant struck a Gardena police officer in the face while the officer was trying to arrest her sister. She was charged with a felony violation of Penal Code section 69, resisting an executive officer. In case no. YA097739, appellant pleaded no contest to that charge.

At a hearing on April 10, 2018, the trial court disposed of all three cases by granting appellant three years' felony probation on the condition, among others, that she obey all laws.

In August 2019, while she was still on probation for these offenses, appellant was arrested for her role in a petty theft

___

[1] All further statutory references are to the Penal Code, unless otherwise noted.

2

at Kitson, a Los Angeles boutique.  Rather than try appellant on charges relating to the petty theft, the prosecutor elected to proceed on probation violations based on her commission of a new offense.

At the probation violation hearing, Moses Soza, a Kitson employee, testified that he saw appellant walk into the store a few steps behind a man, later identified as Isaiah Abdullah.  Soza greeted Abdullah and appellant, and asked if they needed help.  They declined.  Abdullah started looking at sunglasses while appellant began browsing in the women's section.  Soza was suspicious of the pair because they were carrying large bags from stores not in the area and the bags appeared to be empty.

Soza noticed that Abdullah got into a heated argument with the store manager about some sunglasses Abdullah was holding in his hands.  Appellant started filming the interaction on her phone.  She told Soza that she thought he and the store manager were being racist.  Soza saw the manager take the sunglasses from Abdullah.  Abdullah walked to the front of the store, bent down and put some clothing in his bag.  He ran out of the store with the bag.  Appellant followed close behind.

Los Angeles Police Detective Brian Engquist obtained a photograph of appellant and Abdullah driving away from the store.  The car was registered to appellant.  Kitson employees identified appellant from a photographic line up.  She was arrested while driving the car shown in the photograph.  During her interview with Engquist, appellant admitted that she was inside the store.  She started filming because she thought she was being profiled and that the employees were racist.  Appellant told Engquist that Abdullah had taken some items, but it was

3

probably to teach the store employees a lesson for the treatment they received in the store.

The trial court found appellant in violation of the conditions of her probation because she did not obey all laws.[2] It terminated probation and sentenced appellant to a total term in state prison of five years, four months. The sentence included a term of four years for the assault conviction in YA097083, eight months for the resisting conviction in YA097739 and eight months for the grand theft conviction in TA144670. The trial court further ordered appellant to pay direct victim restitution to Kitson in the amount of $240 and to Moses Soza in the amount of $40, to reimburse his courthouse parking costs. In each of the three cases for which prison time was imposed, the trial court also imposed a $300 restitution fine, a $300 revocation fine, a $40 security fee and a $30 court assessment fee.

*Discussion*

Appellant contends: there is no substantial evidence she violated the conditions of her probation by committing a new offense because there is no evidence she shared Abdullah's intent to commit petty theft at Kitson; the trial court erred in imposing the upper term for her assault conviction; her trial counsel was ineffective for failing to object to imposition of the upper term; the trial court erred in ordering victim restitution; and the trial court erred in imposing fees and fines without first determining

---

[2] After sentencing appellant on these three cases, the trial court also terminated probation in two other cases, nos. SA099436 and BA464497. The record contains no information concerning these convictions, the convictions resulted in no additional punishment, and appellant has raised no issues relating to them.

4

her ability to pay.  Respondent correctly concedes the trial court erred in ordering direct victim restitution to Kitson and Soza because appellant was not convicted of a crime relating to those losses.  We will strike the victim restitution, order the abstract of judgment corrected to reflect the court facilities and court operations assessments and, in all other respects, affirm.

Substantial Evidence of Probation Violation.

According to appellant, evidence at the probation violation hearing showed that she followed a friend into a store.  While there, she used her phone to document racial profiling by the store's employees.  Her friend argued with the store manager and took some merchandise on his way out of the store.  Appellant followed him, but did not take anything herself.  She contends these facts do not establish that she shared her friend's intent to commit petty theft.

The trial court has broad discretion to revoke and terminate probation if the interests of justice require it and the court has reason to believe that the defendant committed another offense.  (§1203.2, subd. (a); *People v Rodriguez* (1990) 51 Cal.3d 437, 440, 445.)  A probation violation must be established by a preponderance of the evidence.  (*Rodriguez*, at pp. 445-446.)  We review the trial courts factual findings for substantial evidence and will affirm the exercise of its discretion to revoke probation unless the order is abusive or arbitrary.  (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

An aider and abettor shares the same criminal liability for an offense as the direct perpetrator.  (*People v. Montoya* (1994) 7 Cal.4th 1027, 1038-1039.)  A defendant aids and abets a crime "when he or she, acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or

5

purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advise aids, promotes, encourages or instigates, the commission of the crime." (*People v. Beeman* (1984) 35 Cal.3d 547, 561 (*Beeman*).)

Although the aider and abettor must share the direct perpetrator's intent, "advance knowledge is *not* a prerequisite for liability as an aider and abettor. 'Aiding and abetting may be committed "on the spur of the moment," that is, as instantaneously as the criminal act itself. . . .'" (*People v. Swanson-Birabent* (2003) 114 Cal.App.4th 733, 742.) Facts relevant to determining whether a defendant aided and abetted a crime include the defendant's presence at the scene of the crime, companionship between the codefendants, and the defendant's conduct before and after the offense. (*People v. Miranda* (2011) 192 Cal.App.4th 398, 407.)

There was substantial evidence that appellant aided and abetted Abdullah's theft. She entered the store with him, carrying the same kind of empty bag that he was carrying. Abdullah used his bag to commit theft. Appellant left the store immediately after Abdullah, ran with him down the street and drove him away from the scene. The trial court could find it more likely than not that appellant and Abdullah were acting in concert and with a shared intent. (*Beeman, supra*, 35 Cal.3d at p. 561; *In re Juan G.* (2003) 112 Cal.App.4th 1, 5; *People v. Campbell* (1994) 25 Cal.App.4th 402, 409.)

Sentencing Issues and Ineffective Assistance of Counsel. Appellant contends the trial court abused its discretion when it imposed the upper term of four years for her assault conviction because it based that decision on conduct that occurred after the April 2018 grant of probation, the facts in aggravation

did not justify the upper term and the trial court should have weighed the aggravating and mitigating facts differently. Although none of these issues were raised at the sentencing hearing, appellant contends they have not been waived because she received ineffective assistance of counsel. We are not persuaded.

Appellant's counsel did not object at the probation violation hearing to any aspect of the sentence imposed. Her contentions that the court improperly relied on conduct occurring after the grant of probation (Cal. Rules of Ct., rule 4.435, subd. (b)(1)), improperly weighed the factors in aggravation and abused its discretion are forfeited because they were not raised in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 356; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1101.) Had the contentions been preserved for review, we would reject them because the trial court did not rely on improper factors or abuse its discretion. For the same reason, we conclude appellant's counsel was not ineffective for failing to object. (*People v. Price* (1991) 1 Cal.4th 324, 387 (*Price*) [counsel not ineffective for declining to make futile objections].)

In its remarks at the probation violation hearing, the trial court noted that appellant "amass[ed] . . . five felony cases" between her first offense in May 2017 and the petty theft at Kitson in October 2018. She was charged with robbery in the CVS case (No. YA097083) "but ended up with a more favorable disposition. And you would think she would have learned something from that, but she didn't apparently. Here she is today." The court went on to note, "as a footnote," that appellant would have received a more lenient sentence if she had admitted the probation violation. The court noted that appellant received

"a tremendous, incredible break and was allowed to plead to a nonstrike offense" in the CVS case. She continued to commit crimes, resulting in the probation violation.

Appellant contends these comments demonstrate the trial court did not base its decision to impose the upper term solely on circumstances that existed when probation was granted, but was motivated instead by its frustration that appellant failed to reform after her first offense. We disagree. Appellant's probation was revoked in five separate cases at the same hearing and she was being sentenced in three of those cases. The trial court properly reviewed each case. When it pronounced sentence on the CVS case, however, the trial court discussed factors in aggravation and mitigation that existed when probation was granted in that case. Its remarks did not reference subsequent criminal acts. There was no error. Counsel was not ineffective for declining to raise this futile objection. (*Price, supra,* 1 Cal.4th at p. 387.)

Appellant contends her counsel was ineffective because counsel did not object to imposition of the high term, even though the facts in aggravation did not merit that sentence. But the choice to impose the high term rests in the trial court's sound discretion. (§1170, subd. (b).) Only one factor in aggravation is necessary to warrant the high term. (*People v. Black* (2007) 41 Cal.4th 799, 813 (*Black*), overruled on another ground, *Cunningham v. California* (2007) 549 U.S. 270, 272.) Because more than one aggravating factor was present here, counsel was not ineffective for failing to object to imposition of the high term. (*Price, supra,* 1 Cal.4th at p. 387.)

The record supports a finding that the offense involved violence. When her exit from the store was blocked by a

CVS employee, appellant did not simply walk around the employee or push her aside. She sprayed the employee's face with pepper spray. The pepper spray also appears to have caused lingering injury to the employee. She had to go to the emergency room and reported side effects from the assault more than a month later. The record also supports a finding that the offense was planned. Appellant and her sister entered the store, walked to the cosmetics section and began stealing items. She brought pepper spray with her to aid her escape from the store. These factors in aggravation supported imposition of the upper term. (*Black*, *supra*, 41 Cal.4th at p. 813; *People v. Weber* (2013) 217 Cal.App.4th 1041, 1064.) There was no abuse of discretion.

Direct Victim Restitution. The trial court erred when it ordered appellant to pay direct victim restitution of $240 to Kitson, for the value of merchandise taken by Abdullah, and $40 to Moses Soza for his courthouse parking costs. She contends this was error because she was not convicted of a crime relating to that incident. Respondent correctly concedes the error.

Section 1202.4, subdivision (a)(1) provides, "It is the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." Appellant was not convicted of a crime in relation to the Kitson incident. The trial court had no discretion to order her to pay direct victim restitution for losses related to it. (*In re S.O.* (2018) 24 Cal.App.5th 1094, 1100; *People v. Sy* (2014) 223 Cal.App.4th 44, 65.) Similarly, the trial court lacked discretion to order direct victim restitution to Mr. Soza because he is not a victim within the meaning of the statute. (§1202.4, subd. (k).)

Because the restitution award is not authorized, we will order the judgment modified to strike it.

Ability to Pay Fines and Fees. At appellant's original probation and sentencing hearing on April 10, 2018, the trial court imposed fines and fees in each of three cases on which it granted probation.[3] In each case, imposition of sentence was stayed pending appellant's completion of probation. When probation was revoked, in February 2020, the trial court again imposed the same fees and fines. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, appellant contends the trial court erred in doing so without first determining whether she had the ability to pay the fines and fees.

In *Dueñas*, the Court of Appeal concluded that the failure to conduct an ability to pay hearing for driving with a suspended license case violated the due process rights of a homeless probationer. Unlike *Dueñas*, appellant here did not object at the February 2020 probation violation hearing to the imposition of fines and fees or request a hearing on ability to pay. The issue has been forfeited. (See, e.g., *People v. Aguilar* (2015) 60 Cal.4th 862, 864 [failure to challenge fees imposed in the trial court precludes appellant from doing so on appeal]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [failure to object to restitution fine based on inability to pay forfeits issue on appeal]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 [same].)

---

[3] In each case (nos. TA144670, YA097739, and YA097083), the trial court imposed a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), a $300 restitution fine (§ 1202.4) and a previously suspended $300 probation revocation fine. (§1202.44.)

We note that the abstract of judgment omits the $40 court operations assessment (§ 1465.8) and the $30 court facilities assessment (Gov. Code, § 70373) for each case in which sentence was imposed. The trial court included these mandatory assessments in its oral pronouncement of sentence. We will order the trial court to prepare a corrected abstract of judgment reflecting imposition of these assessments. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-187.)

*Disposition*

The judgment is modified to strike the order for direct victim restitution and to reflect the imposition of a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code, § 70373) in each case for which sentence was imposed. (Nos. TA144670, YA097739, and YA097083.) The clerk of the superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

PERREN, J.

TANGEMAN, J.

11

Craig E. Veals, Judge

Superior Court County of Los Angeles

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Nicholas J. Webster, Deputy Attorney General, for Plaintiff and Respondent.